DISTRICT OF OREGON, ss:                              AFFIDAVIT OF ERIC LIVENGOOD

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Eric Livengood, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.  I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Portland, Oregon Field Office and have been so employed since October 2019.  My training includes twenty-seven (27) weeks of Criminal Investigator and ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia.  During this training, I received instruction relating to federal law violations, various investigation strategies, evidence collection, interview techniques, and search and seizure.  As a Special Agent with ATF, part of my duties and responsibilities include conducting criminal investigations for possible violations of federal firearms, explosives, and arson laws.

2.  I submit this affidavit in support of a criminal complaint and arrest warrant for Lonnie Leroy Sahm (DOB: 02/10/1979) (SAHM), for illegally possessing a machinegun, as defined in Title 26 U.S.C. § 5845(b), in violation of Title 18 U.S.C. § 922(o).  As set forth below, there is probable cause to believe, and I do believe, that SAHM illegally possessed a machinegun, as defined in Title 26 U.S.C. § 5845(b), in violation of Title 18 U.S.C. § 922(o).

**Applicable Law**

3.  Title 18 U.S.C. § 922(o) provides, in part, that it is "unlawful for any person to transfer or possess a machinegun," as defined in Title 26 U.S.C. § 5845(b), "except a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or any lawful transfer

or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect" (i.e., a machinegun lawfully possessed before May 19, 1986).

4. Title 26 U.S.C. § 5845(b) provides: Definition of a machine gun – The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

5. The Firearm Owners' Protection Act. In 1986, this Act amended the National Firearms Act (NFA) definition of "silencer" by adding combinations of parts for silencers and any part intended for use in the assembly or fabrication of a silencer.[6] The Act also amended the law to prohibit the transfer or possession of machineguns.[7] Exceptions were made for transfers of machineguns to, or possession of machineguns by, government agencies, and those lawfully possessed before the effective date of the prohibition, May 19, 1986.

---

[6] Firearm Owners' Protection Act, Public Law 99-308, approved May 19, 1986.
[7] 18 U.S.C. § 922(o)

## Statement of Probable Cause

6. On June 14, 2021, at approximately 0200 hours, I assisted the Multnomah County Sheriff's Office (MCSO) with the execution of search warrants at a detached garage, located at 19110 NE Halsey Street, Portland, Oregon 97230, and a storage unit, located across the street at 19215 NE Halsey Street, Portland, Oregon 97230. Approximately one hour prior to the

execution of these search warrants, the subject of the search warrant, SAHM, was taken into custody by MCSO a short distance away from the search warrant locations. MCSO had mobile surveillance established on SAHM as he left the detached garage before he was taken into custody. MSCO previously obtained a search warrant for the person of SAHM and executed the search warrant upon taking SAHM into custody. MSCO recovered approximately 500 fentanyl pills in separate bags from SAHM's person.

7. Based on previous information received, and SAHM's own confirmation, MCSO determined SAHM resided inside of the detached garage located at 19110 NE Halsey Street, Portland, Oregon 97230 and stored his items inside of the storage unit located at 19215 NE Halsey Street, Portland, Oregon 97230.

8. Upon executing the search warrants at the detached garage and storage unit, MCSO, ATF, and other assisting agencies recovered the following contraband:

- Approximately 1098 grams of methamphetamine;
- Approximately 579 pills of suspected fentanyl (including the initial recovery of pills from SAHM's person);
- Approximately 44 firearms (final number dependent on how many will be considered working firearms); and
- Over 5,000 rounds of ammunition in multiple calibers.

9. Under a raised office/workstation area of the detached garage, MCSO investigators located a hidden compartment. MCSO investigators gained access to the compartment and discovered two (2) large, .30 caliber, belt-fed, closed-bolt, firearms mounted on tripods:

- One MA&T manufactured, US Government, Browning M1919 A4/A6, .30 caliber, tripod mounted firearm with "semi-auto" designation stamped into the plating of the firearm.; and

- One DLO manufactured, Browning M1919A4, .30 caliber, tripod mounted firearm with "machine gun" designation stamped into the plating of the firearm (hereinafter machinegun).

10. ATF Special Agent Nathan Miller performed function testing on both firearms and determined the machinegun (DLO manufactured, Browning M1919A4) to be positive for automatic firing capabilities.

11. MSCO Deputy Ryan Burkeen interviewed SAHM at the scene of the search warrant being executed on the detached garage. MCSO Deputy Burkeen read SAHM *Miranda* rights and the search warrants. SAHM confirmed he understood his rights and had no questions. SAHM confirmed he had been living inside of the detached garage for a few months. SAHM stated the pills he possessed were fentanyl pills and he smokes approximately 20 pills per day. SAHM admitted that he sells methamphetamine from the location. When asked how many firearms were in the detached garage, SAHM replied, "four or five." When asked about how many firearms were in his storage unit across the street, SAHM replied, "A lot." SAHM confirmed there were more than thirty (30) firearms in his storage unit. When asked if all the firearms were in working order, SAHM stated he didn't know and that he had not fired any of the guns. SAHM stated all the firearms in both the detached garage and storage unit were his, and only one (1) belonged to his wife, which he described as a 9mm caliber located inside of the

storage unit. MSCO Deputy Burkeen asked SAHM if his DNA would be located on the firearms and he replied, "Yeah."

### Field Testing

12.     On June 16, 2021, I attended a field test or "test firing" of the machinegun on a firearms range in Vancouver, Washington. I observed the machinegun's capability to shoot multiple rounds of ammunition after a single pull of the trigger. This event was documented with video recording.

### National Firearm Registry and Transfer Record (NFRTR)

13.     The National Firearm Registry and Transfer Record (NFRTR) is the central registry of all firearms controlled by The National Firearms Act (NFA), including all machineguns, in the United States which are not in the possession or under the control of the U.S. Government. The registry includes: (1) the identification of the firearm, (2) date of registration, and (3) identification and address of the person entitled to possession of the firearm (the person to whom the firearm is registered).

14.     On June 25, 2021, NFRTR database was queried for the machinegun. The machinegun was found to be approved and registered on September 26, 1996 to Patrick James Kaufman of Oregon City, Oregon. Patrick James Kaufman is listed as the current owner of the machinegun. Lonnie Leroy Sahm was queried in NFRTR and was not found in the database, indicating Sahm has no right to the lawful possession of this machinegun.

### Conclusion

15.     Based on the foregoing, I have probable cause to believe, and I do believe, that Lonnie Leroy Sahm illegally possessed a machine gun, as defined in 26 U.S.C. § 5845(b), in

violation of 18 U.S.C. § 922(o). I therefore request that the Court issue a criminal complaint and arrest warrant for Lonnie Leroy Sahm.

16.    Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Thomas S. Ratcliffe. AUSA Thomas Ratcliffe advised me that, in his opinion, the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

### Request for Sealing

17.    I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because disclosure of the information at this time may endanger the life or physical safety of individuals involved in this investigation, cause intimidation of potential witnesses, cause the defendant's flight from prosecution, or otherwise jeopardize the investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

**/s/ Eric Livengood by telephone**
Eric Livengood
Special Agent, ATF

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 2:57pm on July  1  , 2021.

*Jolie A. Russo*
HONORABLE JOLIE A. RUSSO
United States Magistrate Judge